The STATE of Texas, Appellant,

v.

Juan Ortiz TORRES, Appellee.

No. 13–92–475–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1993.

Discretionary Review Refused
Jan. 26, 1994.

Eric Dean Perkins, Carl Lewis, Dist. Attys. Office, Corpus Christi, for appellant.

Manuel Marroquin, Corpus Christi, for appellee.

Before NYE, C.J.,[1] and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

DORSEY, Justice.

The State appeals from the trial court's quashing of an information alleging that Torres was guilty of Driving While Intoxicated.[2] The court quashed the instrument on the grounds that it did not sufficiently provide Torres with notice of the charge against him. Specifically, Torres complained that the information improperly alleged every potential manner and means of intoxication authorized by the statute as well as both statutory definitions of intoxication. The issue is whether an information that alleges every way in which a crime could have been committed provides adequate notice to the defendant when a motion to quash seeking such notice is filed. We reverse the judgment and remand.

The information charging Torres with Driving While Intoxicated read, in pertinent part,

[O]n or about the 21st day of March A.D. 1992, ... Juan Ortiz Torres did then and there unlawfully drive and operate a motor vehicle in a public place while intoxicated, to-wit: While having an alcohol concentration of .10 or more; and while not having the normal use of mental or physical faculties by reason of the introduction of alcohol, and a controlled substance, and a drug, and a combination of two or more of those substances into the body....

Torres argued that the information did not allege with which definition of intoxication he was being charged, or which substance the State was charging him with ingesting. The trial court granted the motion. The State appeals, contending that the information properly tracks the applicable statute, TEX. REV.CIV.STAT.ANN. art. 6701l–1.

In all criminal prosecutions, the accused shall have the right to demand the nature and cause of the accusation against him. TEX. CONST. art. 1, § 10. The charging instrument must therefore provide the accused with adequate notice of the offense with which he is charged so that he may prepare his defense. As such, a person is entitled to notice of the acts or omissions he has allegedly committed. A motion to quash must be granted if the language in the charging instrument regarding the defendant's conduct is so vague or indefinite that it denies him effective notice of his alleged wrongful behavior. *State v. Carter*, 810 S.W.2d 197, 199 (Tex.Crim.App.1991). When more than one manner or means of committing that act or omission exists, upon timely request, the State must allege the specific method(s) or means it wishes to prove. *Carter*, 810 S.W.2d at 199; *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App.1981); *State v. Moreno*, 822 S.W.2d 754, 755 (Tex. App.—Corpus Christi 1992, no pet.).

In *Solis v. State*, the defendant was charged with driving while intoxicated by reason of the introduction of alcohol into his

---

1. Former Chief Justice, retired April 30, 1993.

2. TEX REV.CIV.STAT ANN. art. 6701l–1 (Vernon Supp.1993).

body. 787 S.W.2d 388, 389 (Tex.Crim.App. 1990). The court found that the State properly alleged the precise means by which the appellant became intoxicated, *i.e.,* introducing alcohol into his body as opposed to a drug, controlled substance, or any combination of the three. *Id.* at 391. The court held, "Such an allegation is required in the face of a timely motion to quash." *Id.; see Garcia v. State,* 747 S.W.2d 379, 381 (Tex. Crim.App.1988).

In the face of a timely motion to quash, an information charging one with driving while intoxicated must allege 1) which definition(s) of intoxicated it will rely on at trial, *i.e.,* a loss of faculties and/or an alcohol concentration of .10 or more in the blood; and 2) which type(s) of intoxicant the accused supposedly used. *Carter,* 810 S.W.2d at 200. With this, the court expressly overruled all previous language and holdings to the contrary.

The court reiterated the rule in *Sullivan v. State,*[3] affirming that a motion to quash must be granted if a charging instrument for driving while intoxicated fails to allege the method of intoxication. Moreover, the type of intoxicant must be alleged if requested in the motion to quash. *Id.* (citing *Garcia,* 747 S.W.2d at 381).

In *Carter* and *Sullivan,* the charging instrument alleged only that the accused drove a motor vehicle in a public place while intoxicated. The State contends that because every means that the crime could be committed was alleged in the present case, the difference between the informations in those cases and the one at issue here renders the two cases inapposite and of no authority. We agree.

In *Carter* the Court of Criminal Appeals said:

> It is important to note, however, that, consistent with these principles, the State may specifically allege, in the conjunctive or disjunctive, any or all of the statutorily defined types of conduct regarding an offense. Such a charging instrument still puts a defendant on clear notice of what the State will attempt to prove at trial. *See State v. Winskey,* 790 S.W.2d 641 (Tex. Crim.App.1990).

*State v. Winskey* is directly on point here. The State alleged more than one method of committing the offense of driving while intoxicated and refused to elect in the face of motion to quash. The trial court quashed and the intermediate appellate court affirmed, holding inadequate notice to the defendant. The high court granted the State's petition for discretionary review and reversed both courts.

Although we are of the opinion that allegations of every means possible of the commission of the offense gives no more notice of the criminal behavior the state intends to rely on than a general allegation of a violation of the statute, we are obligated to follow the law as established by the Court of Criminal Appeals in *Winskey* and cited with approval in *Carter.* An information which alleges all possible methods and means by which to commit the offense provides the accused with no more information than a bald assertion that he was intoxicated, as was condemned in *Carter* and *Sullivan.* Alleging specifically every means by which the crime could have been committed is no different from alleging the crime generally; it tells nothing and imparts no notice regarding which of the several means of committing the offense is relied upon.

At the hearing on the motion to quash the trial judge asked the State's counsel upon which means of committing the offense it planned to rely. The State responded that it was required to do no more than allege every specific means of committing the offense that was authorized by the statute, and refused to amend.

Applying the rule in *Carter* and *Winskey,* we hold that the trial court improperly quashed the information in this case. The State's point of error is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED for trial.

NYE, former C.J., not participating.

3. 817 S.W.2d 344, 345 (Tex.Crim.App.1991).