Candy MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–01–00541–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Sept. 19, 2002.

Cindy L. Buckner, Rockport, for appellant.

David Aken, County Attorney, Sinton, for state.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

A jury found appellant, Candy Morris, guilty of the offense of driving while intoxicated ("DWI"),[1] and assessed her punishment at confinement in the county jail for 120 days. By three points of error, appellant contends the trial court erred by: (1) denying appellant's motion to quash the information; (2) refusing to suppress the results from the officer's administration of the Horizontal Gaze Nystagmus ("HGN") test and admitting evidence of intoxication based on those results; and (3) refusing to grant a requested jury instruction. We affirm.

### A. BACKGROUND

At approximately midnight on November 10, 2000, San Patricio County Deputy Sheriff Arnold Guerra received and responded to a call of a possible intoxicated driver. Upon arriving at the location given by the caller, Deputy Guerra observed appellant's vehicle swerve completely off the road, back on the road, and into the wrong lane of travel. Believing the driver was intoxicated, Guerra activated his overhead emergency lights and attempted to stop the vehicle. The driver, however, did not stop. Instead, she increased her speed from fifty-five to seventy miles per hour. The vehicle hit curbs and finally came to a stop in the middle of a four-lane road. When appellant stepped out of her vehicle, Guerra saw that she was very unsteady and swayed as she walked.

Department of Public Safety (DPS) Trooper Alonzo Almaraz then arrived at the scene and activated the video camera in his vehicle. Trooper Almaraz attempted to administer the HGN test, but was unable to perform the test because appellant could not track the pen. Almaraz then asked appellant to recite the alphabet, but she substituted numbers for letters and mumbled her speech. Next, Almaraz administered the walk and turn test, but appellant was unable to follow his instruc-

---

1. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon Supp.2002).

tions. Finally, Almaraz administered the one-leg stand test, and appellant fell down. Almaraz arrested her for DWI. During an inventory of appellant's vehicle, Almaraz found six different prescription bottles.

## B. DENIAL OF MOTION TO QUASH THE INFORMATION

■ In her first point of error, appellant contends the trial court erred by denying her motion to quash the information because the State did not specify the substance which caused her intoxication.

■ Generally, when a term is defined in the penal statutes, it is permissible for it not to be further alleged in the indictment since the defendant is presumed to be on notice of statutory definitions. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1980). However, if a definition provides for more than one manner or means to commit an act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App.1980); *State v. Moreno*, 822 S.W.2d 754, 756 (Tex. App.-Corpus Christi 1992, no pet.). A defendant may not be left to guess or assume that the State is going to prove one or all the types of statutorily defined conduct. *Ferguson*, 622 S.W.2d at 851. However, the State may specifically allege, in the conjunctive or disjunctive, any or all of the statutorily defined types of conduct regarding an offense. *Id.* Such a charging instrument still puts a defendant on clear notice of what the State will attempt to prove at trial. *State v. Carter*, 810 S.W.2d

197, 199 (Tex.Crim.App.1991) (citing *State v. Winskey*, 790 S.W.2d 641 (Tex.Crim. App.1990)).

■ In the face of a timely motion to quash, a charging instrument alleging DWI must allege which definition of "intoxicated"[2] the State will rely on at trial and which types of intoxicants the defendant supposedly used. *Id.* at 200.; *see State v. Flores*, 878 S.W.2d 651, 653 (Tex. App.-Corpus Christi 1994), *aff'd*, 896 S.W.2d 198 (Tex.Crim.App.1995) (indictment was insufficient to provide notice because it did not allege specific definition of intoxication as required by *Carter*).

■ The information alleged, in relevant part, that:

Candy Morris, defendant, while intoxicated, namely, not having the normal use of her mental and physical faculties by the reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances into her body, did then and there drive and operate a motor vehicle in a public place.

Appellant contends the information provided insufficient notice because it did not specify the intoxicant by which appellant became intoxicated. *Carter* requires the "type of intoxicant" be specified in the information, not the specific substance. *Carter*, 810 S.W.2d at 200; *see State v. Cordell*, 34 S.W.3d 719, 721 (Tex.App.-Fort Worth 2000, pet. ref'd). "Type of intoxicant" refers to those substances listed in section 49.01(2)(A) of the penal code; *i.e.*, alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two

---

**2.** "Intoxicated" means:
 (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a combination of two or more of those substances, or any other substances into the body; or

 (B) having an alcohol concentration of 0.08 or more.
 TEX. PEN.CODE ANN. § 49.01(2)(A)(B) (Vernon Supp.2002).

or more of these substances. TEX. PEN. CODE ANN. § 49.01(2)(A) (Vernon Supp. 2002); *see Cordell*, 34 S.W.3d at 721. Therefore, to give adequate notice, an information charging a person with DWI need not specify which specific drug or controlled substance caused the intoxication, as long as the type of intoxicant listed in section 49.01(2)(A) is alleged. *Cordell*, 34 S.W.3d at 722.

■ Appellant also contends the information provided insufficient notice because the State alleged every means possible of committing the offense. Appellant asserts our opinion in *State v. Torres*, 865 S.W.2d 142 (Tex.App.-Corpus Christi 1993, pet. ref'd), supports her contention. We disagree.

In both *Torres* and *Winskey*, the State alleged more than one method of committing the offense of DWI. *See Winskey*, 790 S.W.2d at 642; *Torres*, 865 S.W.2d at 144. In *Winskey*, the court of criminal appeals held that such allegations provide adequate notice. *Winskey*, 790 S.W.2d at 642.

In *Torres*, the trial court quashed the information after the State refused to amend because "it was required to do no more than allege every specific means of committing the offense that was authorized by the statute." *Torres*, 865 S.W.2d at 144. In *Torres*, we stated:

> Although we are of the opinion that allegations of every means possible of the commission of the offense gives no more notice of the criminal behavior the state intends to rely on than a general allegation of a violation of the statute, we are obligated to follow the law as established by the Court of Criminal Appeals in *Winskey* and cited with approval in *Carter*.

*Id.* We applied the rule in *Carter* and *Winskey* and held that the trial court had improperly quashed the information. *Id.*

In the instant case, the State alleged each type of intoxicant, *see Carter*, 810 S.W.2d at 200; *Cordell*, 34 S.W.3d at 722, and every possible means of committing the offense. *See Winskey*, 790 S.W.2d at 642. Accordingly, we hold the information provided adequate notice. Appellant's first point of error is overruled.

## C. ADMISSIBILITY OF HGN TEST

In her second point of error, appellant contends the trial court erred by refusing to suppress the results of the HGN test and by admitting evidence of her intoxication based on those results.

### 1. *Motion to Suppress*

■ A motion to suppress evidence is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n. 10 (Tex.Crim. App.1981); *Wilson v. State*, 857 S.W.2d 90, 94 (Tex.App.-Corpus Christi 1993, pet. ref'd). To preserve error, a request, objection, or motion must state the grounds of the complaint with sufficient specificity to make the trial court aware of the complaint. TEX.R.APP. P. 33.1(a). If the objection made in the trial court differs from the complaint made on appeal, a defendant has not preserved any error for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986).

■ Appellant complains the trial court erred by not suppressing the officer's testimony regarding the HGN test. In her motion to suppress, appellant argued the officer's lack of probable cause to stop and arrest her; the motion did not specifically address the admissibility of the officer's testimony regarding the HGN test. Because appellant's motion to suppress did not make the trial court aware of her complaint concerning the HGN test, we hold appellant has waived this complaint. *See id.*

## 2. *Motion in Limine*

Appellant filed a motion in limine which specifically addressed the admissibility of the officer's testimony concerning the HGN test. The trial court restricted any testimony by Trooper Almaraz regarding the quantitative assessment of appellant's intoxication, but refused to review the officer's qualifications as an HGN expert before trial.

 Generally, the grant or denial of a motion in limine, without more, preserves nothing for appellate review. *Wilson,* 857 S.W.2d at 95. Because he objected at trial to Trooper Almaraz's testimony regarding the HGN test, we hold appellant has preserved error for our review.

 We review the trial court's determination of the admissibility of evidence under an abuse of discretion standard. *See Alvarado v. State,* 912 S.W.2d 199, 215 (Tex.Crim.App.1995) (citing *Coffin v. State,* 885 S.W.2d 140, 149 (Tex.Crim.App.1994)). In *Emerson v. State,* 880 S.W.2d 759, 769 (Tex.Crim.App.1994), the court of criminal appeals, in addressing the admissibility of HGN testimony, took judicial notice of the reliability of the theory underlying the HGN test and its technique. However, the court held that the admissibility of testimony on HGN test results depends on whether the HGN technique, as prescribed by the United States Department of Transportation and the State of Texas, is applied properly on the occasion in question. *Id. Emerson* requires that a witness testifying concerning a defendant's performance on an HGN test, must be qualified as an expert on the HGN test. *Id.* The record establishes that Trooper Almaraz was trained and certified by the State of Texas to administer the HGN test. We conclude Almaraz is qualified as an expert on the HGN test. *See id.*

 Appellant contends that Trooper Almaraz's testimony regarding the HGN test results is inadmissible because the test was improperly administered. However, after reviewing the record we find that Almaraz did not testify concerning the results of the HGN test. Almaraz testified only that he could not administer the HGN test to appellant because she was unable to focus on the pen; she simply stared at him. The record contains no evidence regarding appellant's eye movement. Accordingly, we conclude that Almaraz's testimony regarding his attempt to administer the HGN test to appellant was properly admitted by the trial court.

 However, if there was error, we conclude it was harmless because the jury was presented with other evidence sufficient to support the jury's finding of intoxication. *See* TEX.R.APP. P. 44.2(b). Deputy Guerra testified that appellant: (1) drove off the road; (2) drove in the wrong lane of travel; (3) was unable to maintain her vehicle within one lane of travel; and (4) stopped her vehicle in the middle of a four-lane road. Guerra also testified that appellant appeared unsteady in her walk.

Further, Trooper Almaraz testified appellant did not successfully complete any of the other field sobriety tests. His opinion testimony regarding appellant's intoxication was not based on any HGN test results. Almaraz testified that his opinion regarding appellant's intoxication was based on other factors, including his knowledge and experience as a police officer for five years, his investigation of the scene, and his observations of appellant's behavior. Almaraz also testified he recovered six different prescription bottles from appellant's vehicle.

We hold the trial court did not abuse its discretion in admitting Almaraz's testimony regarding his qualifications and at-

tempts to administer the HGN test. We overrule appellant's second point of error.

### D. JURY CHARGE REQUEST

■ In her third point of error, appellant complains the trial court erred by refusing to grant her requested jury instruction regarding the legality of the stop and detention of her vehicle. Appellant contends that article 38.23 of the code of criminal procedure [3] requires such an instruction.

In reviewing jury charge error, we undertake a two-step process. *Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim. App.1996). We first determine whether error exists in the charge. *Id.* at 171. If we find error, we review the record to determine whether sufficient harm was caused by the error to require reversal of the conviction. *Id.*

Article 38.23 of the code of criminal procedure requires the trial court to instruct the jury to disregard any evidence obtained illegally if the defendant requests the instruction and raises a fact issue concerning the manner in which the evidence was obtained. *Balentine v. State*, 71

S.W.3d 763, 773–74 (Tex.Crim.App.2002) (citing *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986)); *Espericueta v. State*, 838 S.W.2d 880, 883 (Tex.App.-Corpus Christi 1992, no pet.). Appellant tendered a proposed article 38.23 instruction to the trial court and asked the court to submit the instruction to the jury.[4] The trial court denied appellant's request and expressly found there was "no evidence that would support the request for this particular charge" and no controversy regarding the nature of the stop. Accordingly, we must determine whether there was a factual issue raised requiring an article 38.23 instruction.

We note that appellant's brief does not cite any evidence in the record to support her contention the stop was illegal. Appellant merely states that she asked for the article 38.23 instruction, but her request was denied.

The record contains no evidence controverting the legality of the stop, *i.e.*, the facts that prompted Deputy Guerra to stop appellant's vehicle. The only witness that could have controverted Guerra's version

---

**3.** Article 38.23 of the code of criminal procedure provides, in relevant part:

 **Art. 38.23. Evidence not to be used**

 (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

 TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2002).

**4.** Appellant requested the following instruction:

Any evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States shall be disregarded by the jury.

Now before you consider the testimony of Officer Arnold Guerra or Trooper Alonzo D. Almaraz, concerning probable cause to stop and to detain the Defendant's vehicle, and all evidence of intoxication, taken from Candy Morris you must first find beyond a reasonable doubt from Officer Arnold Guerra's observations of the vehicle driven by Candy Morris that Officer Arnold Guerra had probable cause to believe and did believe that Candy Morris was committing a traffic violation, and if you do not so find beyond a reasonable doubt, you will disregard such testimony and evidence.

of the facts was appellant. Appellant testified, but she failed to testify regarding facts leading up to the stop; she testified only concerning facts after the stop. Accordingly, we hold that an issue of fact was not raised, and an instruction under article 38.23(a) of the code of criminal procedure was not required. *See Balentine,* 71 S.W.3d at 774. Therefore, the trial court did not err in refusing to grant appellant's request for an article 38.23 instruction. Appellant's third point of error is overruled.

The trial court's judgment is affirmed.