NUMBER
13-01-00541-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

CANDY MORRIS,                                                                Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

                       On
appeal from the County Court at Law

                               of San Patricio
County, Texas.

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








A jury found appellant,
Candy Morris, guilty of the offense of driving while intoxicated (ADWI@),[1]
and assessed her punishment at confinement in the county jail for 120
days.  By three points of error,
appellant contends the trial court erred by: 
(1) denying appellant=s motion to quash the
information; (2) refusing to suppress the results from the officer=s administration of the
Horizontal Gaze Nystagmus (AHGN@) test and admitting
evidence of intoxication based on those results; and (3) refusing to grant a
requested jury instruction.  We affirm.

                                                A.  Background

At approximately
midnight on November 10, 2000, San Patricio County Deputy Sheriff Arnold Guerra
received and responded to a call of a possible intoxicated driver.  Upon arriving at the location given by the
caller, Deputy Guerra observed appellant=s vehicle swerve
completely off the road, back on the road, and into the wrong lane of
travel.  Believing the driver was
intoxicated, Guerra activated his overhead emergency lights and attempted to
stop the vehicle.  The driver, however,
did not stop.  Instead, she increased her
speed from fifty-five to seventy miles per hour.  The vehicle hit curbs and finally came to a
stop in the middle of a four-lane road. 
When appellant stepped out of her vehicle, Guerra saw that she was very
unsteady and swayed as she walked.








Department of Public
Safety (DPS) Trooper Alonzo Almaraz then arrived at the scene and activated the
video camera in his vehicle.  Trooper
Almaraz attempted to administer the HGN test, but was unable to perform the
test because appellant could not track the pen. 
Almaraz then asked appellant to recite the alphabet, but she substituted
numbers for letters and mumbled her speech. 
Next, Almaraz administered the walk and turn test, but appellant was
unable to follow his instructions. 
Finally, Almaraz administered the one-leg stand test, and appellant fell
down.  Almaraz arrested her for DWI.  During an inventory of appellant=s vehicle, Almaraz found
six different prescription bottles.

                    B.  Denial of Motion to Quash the Information 

In her first point of
error, appellant contends the trial court erred by denying her motion to quash
the information because the State did not specify the substance which caused
her intoxication.

Generally, when a term
is defined in the penal statutes, it is permissible for it not to be further
alleged in the indictment since the defendant is presumed to be on notice of
statutory definitions. Thomas v. State, 621 S.W.2d 158, 161 (Tex. Crim.
App. 1981). However, if a definition provides for more than one manner or means
to commit an act or omission, then upon timely request, the State must allege
the particular manner or means it seeks to establish.  Ferguson v. State, 622 S.W.2d 846, 851
(Tex. Crim. App. 1981); State v. Moreno, 822 S.W.2d 754, 756 (Tex. App.BCorpus Christi 1992, no
pet.). A defendant may not be left to guess or assume that the State is going
to prove one or all the types of statutorily defined conduct. Ferguson,
622 S.W.2d at 851.  However, the State
may specifically allege, in the conjunctive or disjunctive,  any or all of the statutorily defined types of
conduct regarding an offense. Id. 
Such a charging instrument still puts a defendant on clear notice of what
the State will attempt to prove at trial. 
State v. Carter, 810 S.W.2d 197, 199 (Tex. Crim. App. 1991) (citing State
v. Winskey, 790 S.W.2d 641 (Tex. Crim. App. 1990)).








In the face
of a timely motion to quash, a charging instrument alleging DWI must allege
which definition of "intoxicated"[2]
the State will rely on at trial and which types of intoxicants the defendant
supposedly used.  Id. at 200.; see
State v.  Flores, 878 S.W.2d 651,
653 (Tex. App.BCorpus
Christi 1994), aff=d, 896 S.W.2d
198 (Tex. Crim. App. 1995) (indictment was insufficient to provide notice
because it did not allege specific definition of intoxication as required by Carter).

The
information alleged, in relevant part, that: 

Candy
Morris, defendant, while intoxicated, namely, not having the normal use of her
mental and physical faculties by the reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of two or more of
those substances into her body, did then and there drive and operate a motor
vehicle in a public place.








Appellant
contends the information provided insufficient notice because it did not
specify the intoxicant by which appellant became intoxicated.  Carter requires the Atype of
intoxicant@ be
specified in the information, not the specific substance.  Carter, 810 S.W.2d at 200; see
State v. Cordell, 34 S.W.3d 719, 721 (Tex. App.BFort Worth
2000, pet.  ref=d).  "Type of intoxicant" refers to
those substances listed in section 49.01(2)(A) of the penal code; i.e.,
alcohol, a controlled substance, a drug, a dangerous drug, or a combination of
two or more of these substances.  Tex. Pen. Code Ann. ' 49.01(2)(A)
(Vernon Supp. 2002); see Cordell, 34 S.W.3d at 721.  Therefore, to give adequate notice, an
information charging a person with DWI need not specify which specific drug or
controlled substance caused the intoxication, as long as the type of intoxicant
listed in section 49.01(2)(A) is alleged. Cordell, 34 S.W.3d at 722. 

Appellant
also contends the information provided insufficient notice because the State
alleged every means possible of committing the offense.  Appellant asserts our opinion in State
v.  Torres, 865 S.W.2d 142 (Tex. App.BCorpus
Christi 1993, pet. ref=d), supports
her contention.  We disagree.

In both Torres
and Winskey, the State alleged more than one method of committing the
offense of DWI.  See Winskey, 790
S.W.2d at 642; Torres, 865 S.W.2d at 144.  In Winskey, the court of criminal
appeals held that such allegations provide adequate notice.  Winskey, 790 S.W.2d at 642.

          In
Torres, the trial court quashed the information after the State refused
to amend because Ait was required
to do no more than allege every specific means of committing the offense that
was authorized by the statute.@  Torres, 865 S.W.2d at 144.  In Torres, we stated:

Although we
are of the opinion that allegations of every means possible of the commission
of the offense gives no more notice of the criminal behavior the state intends
to rely on than a general allegation of a violation of the statute, we are
obligated to follow the law as established by the Court of Criminal Appeals in Winskey
and cited with approval in Carter.

 

Id.  We applied the rule in Carter and Winskey
and held that the trial court had improperly quashed the information.  Id.








In the
instant case, the State alleged each type of intoxicant, see Carter,
810 S.W.2d at 200; Cordell, 34 S.W.3d at 722, and every possible means
of committing the offense.  See
Winskey, 790 S.W.2d at 642. 
Accordingly, we hold the information provided adequate notice.  Appellant=s first point of error is overruled.

                                     C.  Admissibility
of HGN Test

In her
second point of error, appellant contends the trial court erred by refusing to
suppress the results of the HGN test and by admitting evidence of her
intoxication based on those results.

                                              1.  Motion to Suppress

 A motion to suppress evidence is nothing more
than a specialized objection to the admissibility of evidence. Galitz v.
State, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981); Wilson v. State,
857 S.W.2d 90, 94 (Tex. App.BCorpus
Christi 1993, pet. ref=d).  To preserve error, a request, objection, or
motion must state the grounds of the complaint with sufficient specificity to
make the trial court aware of the complaint. 
Tex. R. App. P.
33.1(a).  If the objection made in the
trial court differs from the complaint made on appeal, a defendant has not
preserved any error for review.  Thomas
v.  State, 723 S.W.2d 696, 700 (Tex.
Crim. App. 1986).

Appellant
complains the trial court erred by not suppressing the officer=s testimony
regarding the HGN test.  In her motion to
suppress, appellant argued the officer=s lack of
probable cause to stop and arrest her; the motion did not specifically address
the admissibility of the officer=s testimony
regarding the HGN test.  Because
appellant=s motion to
suppress did not make the trial court aware of her complaint concerning the HGN
test, we hold appellant has waived this complaint.  See id.

                                                2.  Motion in Limine








Appellant
filed a motion in limine which specifically addressed the admissibility of the
officer=s testimony
concerning the HGN test.  The trial court
restricted any testimony by Trooper Almaraz regarding the quantitative
assessment of appellant=s
intoxication, but refused to review the officer=s qualifications as an HGN expert
before trial.

Generally,
the grant or denial of a motion in limine, without more, preserves nothing for
appellate review.  Wilson, 857
S.W.2d at 95.  Because he objected at
trial to Trooper Almaraz=s testimony
regarding the HGN test, we hold appellant has preserved error for our review.

We review
the trial court=s
determination of the admissibility of evidence under an abuse of discretion
standard. See Alvarado v. State, 912 S.W.2d 199, 215 (Tex. Crim.
App.  1995) (citing Coffin v. State,
885 S.W.2d 140, 149 (Tex. Crim. App. 1994)). 
In Emerson v.  State, 880
S.W.2d 759, 769 (Tex. Crim. App. 1994), the court of criminal appeals, in
addressing the admissibility of HGN testimony, took judicial notice of the
reliability of the theory underlying the HGN test and its technique.  However, the court held that the
admissibility of testimony on HGN test results depends on whether the HGN
technique, as prescribed by the United States Department of Transportation and
the State of Texas, is applied properly on the occasion in question.  Id. 
Emerson requires that a witness testifying concerning a defendant=s
performance on an HGN test, must be qualified as an expert on the HGN
test.  Id.  The record establishes that Trooper Almaraz
was trained and certified by the State of Texas to administer the HGN
test.  We conclude Almaraz is qualified
as an expert on the HGN test.  See id.








Appellant
contends that Trooper Almaraz=s testimony
regarding the HGN test results is inadmissible because the test was improperly
administered.  However, after reviewing
the record we find that Almaraz did not testify concerning the results of the
HGN test.  Almaraz testified only that he
could not administer the HGN test to appellant because she was unable to focus
on the pen; she simply stared at him. 
The record contains no evidence regarding appellant=s eye
movement.  Accordingly, we conclude that
Almaraz=s testimony
regarding his attempt to administer the HGN test to appellant was properly
admitted by the trial court.

However, if
there was error, we conclude it was harmless because the jury was presented
with other evidence sufficient to support the jury=s finding of
intoxication.  See Tex. 
R.  App.  P. 
44.2(b).  Deputy Guerra testified
that appellant:  (1) drove off the road;
(2) drove in the wrong lane of travel; (3) was unable to maintain her vehicle
within one lane of travel; and (4) stopped her vehicle in the middle of a
four-lane road.  Guerra also testified
that appellant appeared unsteady in her walk.

Further,
Trooper Almaraz testified appellant did not successfully complete any of the
other field sobriety tests.  His opinion
testimony regarding appellant=s
intoxication was not based on any HGN test results.  Almaraz testified that his opinion regarding
appellant=s
intoxication was based on other factors, including his knowledge and experience
as a police officer for five years, his investigation of the scene, and his
observations of appellant=s
behavior.  Almaraz also testified he
recovered six different prescription bottles from appellant=s
vehicle.  

We hold the
trial court did not abuse its discretion in admitting Almaraz=s testimony
regarding his qualifications and attempts to administer the HGN test.  We overrule appellant=s second
point of error. 








                                         D.  Jury
Charge Request

In her third
point of error, appellant complains the trial court erred by refusing to grant
her requested jury instruction regarding the legality of the stop and detention
of her vehicle.  Appellant contends that
article 38.23 of the code of criminal procedure[3]
requires such an instruction.

In reviewing
jury charge error, we undertake a two‑step process.  Hutch v. State, 922 S.W.2d 166, 170‑71
(Tex. Crim. App. 1996).  We first
determine whether error exists in the charge. 
Id. at 171.  If we find
error, we review the record to determine whether sufficient harm was caused by
the error to require reversal of the conviction.  Id.








Article
38.23 of the code of criminal procedure requires the trial court to instruct
the jury to disregard any evidence obtained illegally if the defendant requests
the instruction and raises a fact issue concerning the manner in which the
evidence was obtained.  Balentine v.
State, 71 S.W.3d 763, 773-74 (Tex. Crim. App. 2002) (citing Thomas v.
State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986)); Espericueta v. State,
838 S.W.2d 880, 883 (Tex. App.BCorpus
Christi 1992, no pet.).  Appellant
tendered a proposed article 38.23 instruction to the trial court and asked the
court to submit the instruction to the jury.[4]  The trial court denied appellant=s request
and expressly found there was Ano evidence
that would support the request for this particular charge@ and no
controversy regarding the nature of the stop. 
Accordingly, we must determine whether there was a factual issue raised
requiring an article 38.23 instruction.

We note that
appellant=s brief does
not cite any evidence in the record to support her contention the stop was
illegal.  Appellant merely states that
she asked for the article 38.23 instruction, but her request was denied.

The record
contains no evidence controverting the legality of the stop, i.e., the
facts that prompted Deputy Guerra to stop appellant=s
vehicle.  The only witness that could
have controverted Guerra=s version of
the facts was appellant.  Appellant
testified, but she failed to testify regarding facts leading up to the stop;
she testified only concerning facts after the stop.  Accordingly, we hold that an issue of fact
was not raised, and an instruction under article 38.23(a) of the code of
criminal procedure was not required.  See
Balentine, 71 S.W.3d at 774. 
Therefore, the trial court did not err in refusing to grant appellant=s request
for an article 38.23 instruction. 
Appellant=s third
point of error is overruled.








The trial
court=s judgment
is affirmed. 

 

FEDERICO
G. HINOJOSA

Justice

 

Publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed
this the

19th day of
September, 2002.

 











[1] See Tex. Pen. Code Ann. ' 49.04 (Vernon Supp. 2002).





[2] "Intoxicated"
means: 

 

(A)             
not having the normal use of mental or physical
faculties by reason of the introduction of alcohol, a controlled substance, a
drug, a combination of two or more of those substances, or any other substances
into the body; or 

 

(B)             
having an alcohol concentration of 0.08 or more.

  

Tex.
Pen. Code Ann.
' 49.01(2)(A)(B) (Vernon
Supp. 2002).  





[3]
Article 38.23 of the
code of criminal procedure provides, in relevant part:

 

Art. 38.23.  Evidence not to be used

 

(a)                
No evidence obtained by an officer or other
person in violation of any provisions of the Constitution or laws of the State
of Texas, or of the Constitution or laws of United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.

 

In any case where the legal
evidence raises an issue hereunder, the jury shall be instructed that if it
believes, or has a reasonable doubt, that the evidence was obtained in
violation of this Article, then and in such event, the jury shall disregard any
such evidence so obtained. 

 

Tex.
Code Crim. Proc. Ann.  art. 38.23(a) (Vernon Supp.
2002).





[4] Appellant requested the
following instruction:     

 

Any evidence obtained by an
officer or other person in violation of any provision of the Constitution or
laws of the State of Texas or of the Constitution or laws of the United States
shall be disregarded by the jury.

 

Now before you consider the testimony of Officer Arnold Guerra or
Trooper Alonzo D.  Almaraz, concerning
probable cause to stop and to detain the Defendant=s vehicle, and all evidence
of intoxication, taken from Candy Morris you must first find beyond a reasonable
doubt from Officer Arnold Guerra=s observations of the vehicle driven by Candy
Morris that Officer Arnold Guerra had probable cause to believe and did believe
that Candy Morris was committing a traffic violation, and if you do not so find
beyond a reasonable doubt, you will disregard such testimony and evidence.