Collazo v. SOT



 





NUMBER 13-02-00058-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


HERNAN PEREZ COLLAZO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 107th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Hinojosa



 A jury found appellant, Hernan Perez Collazo, guilty of two counts of the offense of
indecency with a child (1) and assessed his punishment at seven years imprisonment for
each count. The jury recommended that the sentences in both counts be suspended and
that appellant be placed on community supervision. The trial court followed the jury's
recommendations and, in both counts, suspended the sentences and placed appellant on
community supervision for a term of seven years.

 Appellant does not challenge the legal or factual sufficiency of the evidence to
support his conviction. Instead, by two points of error, appellant challenges (1) the
admission of the complainant's outcry statement as hearsay, and (2) the trial court's
granting of the State's motion in limine. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.4.

 By his first point of error, appellant contends the trial court erred "in allowing
claimant's hearsay statement be heard by way of an outcry exception."

 Appellant concedes that the testimony of the designated outcry witness was
properly admitted, but contends the trial court erred by admitting into evidence: (1) a tape-recorded statement made by the victim at the time of her outcry, and (2) a later-videotaped
interview of the victim by a child abuse expert. Appellant asserts that the recordings fail
to comply with article 38.071, section 5 of the code of criminal procedure, and thus, were
inadmissible hearsay. The State argues that the recordings were admitted as prior
consistent statements of the victim. See Tex. R. Evid. 801(e)(1)(B).

 Trial courts should be allowed considerable discretion to admit or exclude evidence
before the jury, and an appellate court should not set aside the trial court's rulings absent
a showing on the record that the trial court has abused that discretion. Montgomery v.
State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). We cannot reverse a judgment if the
trial court's decision was within the zone of reasonable disagreement. Id. at 391. After
carefully reviewing the record, we conclude the trial court did not err in admitting the
recordings into evidence.

 Moreover, any error in the admission of evidence is subject to a harm analysis under
Texas Rule of Appellate Procedure 44.2(b). See Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998). Under Rule 44.2(b), we are to disregard any error unless it affects
appellant's substantial rights. Tex. R. App. P. 44.2(b). "When the admission of evidence
is at issue, a substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury's verdict." Ford v. State, 73 S.W.3d 923, 925
(Tex. Crim. App. 2002). Under the harm analysis, it is well established that the improper
admission of evidence does not constitute reversible error if the same facts are proved by
other properly admitted evidence. See Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim.
App. 1999) (holding that any error in admission of hearsay testimony was harmless in light
of other properly admitted evidence proving same fact); see also Barrera v. State, 10
S.W.3d 743, 746-47 (Tex. App.-Corpus Christi 2000, no pet.) (finding no reversible error
when alleged hearsay evidence is cumulative of same evidence adduced).

 After reviewing the transcript of the tape-recorded statement and the videotaped
interview, we conclude that the contents of these two recordings are substantially similar
to the testimony presented to the jury by the child and the designated outcry witness. 
Assuming, arguendo, that the trial court erred in admitting these recordings into evidence,
we would hold that the error is harmless because the evidence is cumulative of properly
admitted live testimony on the same issue. Appellant's first point of error is overruled.

 By his second point of error, appellant contends the trial court erred in granting the
State's motion in limine.

 It is axiomatic that the grant or denial of a motion in limine, without more, preserves
nothing for appellate review. McDuff v. State, 939 S.W.2d 607, 618 (Tex. Crim. App.
1997); Morris v. State, 89 S.W.3d 146, 151 (Tex. App.-Corpus Christi 2002, no pet.). To
preserve error, a timely objection stating specific grounds must be made to the trial court. 
Tex. R. App. P. 33.1(a)(1).

 At trial, appellant objected that the State had violated his motion in limine. After a
bench conference, the trial court overruled appellant's objection. Because he now argues
on appeal that the trial court erred in granting the State's motion in limine, we hold that
appellant has preserved nothing for our review. See Sterling v. State, 800 S.W.2d 513,
521 (Tex. Crim. App. 1990) (concluding that an objection which differs from the error raised
on appeal preserves nothing for review). Appellant's second point of error is overruled.

 The judgment of the trial court is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

24th day of April, 2003.
1. See Tex. Pen. Code Ann. § 21.11(a) (Vernon 2003).