r02357, 307.ly2







 









NUMBERS 13-02-357-CR & 13-02-307-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

GORDON HASE,                                                               Appellant,
 
v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court of Nueces County, Texas
___________________________________________________________________

                              MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
          Appellant, Gordon Hase, was charged by a two-count indictment of a first-degree
felony solicitation of capital murder (count one) and a second-degree felony solicitation of 
injury to an elderly individual (count two). A jury found him guilty of count two as alleged
in the indictment, and assessed punishment at twelve years confinement and a $1,000
fine. In six issues, appellant challenges: (1) the sufficiency of the evidence corroborating
the testimony of the State’s primary witness; (2) the trial court’s decision to admit certain
videotapes of a Caller I.D. box; and (3) the trial court’s rejection of his defenses of
renunciation and entrapment. We dismiss the appeal in cause number 13-02-307-CR and
affirm the trial court’s judgment in cause number 13-02-357-CR. 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that both cases are not plea-bargain
cases and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). 
I. 13-02-357-CR
          Hase was convicted of criminal solicitation of injury to an elderly individual.


 
Specifically, the State alleged that Hase requested Mario Hernandez to employ another
individual to cause serious bodily injury to Ernestine Ordner, an elderly individual. 
          By his first three issues, Hase challenges the legal sufficiency of the evidence
corroborating Hernandez’s testimony that Hase solicited him to injure Ordner.
          The penal code provides, in pertinent part:
§ 15.03 Criminal Solicitation 
(a) A person commits an offense if, with intent that a capital felony or felony
of the first degree be committed, he requests, commands, or attempts to
induce another to engage in specific conduct that, under the circumstances
surrounding his conduct as the actor believes them to be, would constitute
the felony or make the other a party to its commission.
 
(b) A person may not be convicted under this section on the uncorroborated
testimony of the person allegedly solicited and unless the solicitation is made
under circumstances strongly corroborative of both the solicitation itself and
the actor’s intent that the other person act on the solicitation.
 
Tex. Pen. Code Ann. § 15.03 (a) - (b) (Vernon 2003). In addition, a person commits a first-degree felony offense if he intentionally or knowingly causes serious bodily injury to an
elderly individual over the age of 65. See Tex. Pen. Code Ann. § 22.04 (a)(1), (e) (Vernon
2003). 
          Section 15.03(b) is analogous to the accomplice witness statute, and the same test
for evaluating the sufficiency of the corroboration is used. Ganesan v. State, 45 S.W.3d
197, 201 (Tex. App.–Austin 2001, pet. denied) (citing Richardson v. State, 700 S.W. 2d
591, 594 (Tex. Crim. App. 1985)); see also Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979). Therefore, we must eliminate Hernandez’s testimony from consideration
and determine whether there is other evidence tending to connect appellant to the crime. 
Ganesan, 45 S.W.3d at 201. The corroboration must go to both the solicitation and the
alleged intent, but need not be sufficient in itself to establish guilt. Id. We view the
corroborating evidence in the light most favorable to the verdict. Id. (citing Gill v. State,
873 S.W.2d 45, 48 (Tex. Crim. App. 1994)). In determining the sufficiency of the
corroboration, the court should consider the combined weight of the non-accomplice
evidence even if it is entirely circumstantial. Richardson, 700 S.W. 2d at 594.
          Here, eliminating Hernandez’s testimony, the State presented the following
corroborating evidence.
          The State introduced a telephone voicemail message from Hase to Hernandez, 
in which Hase states that he “really need[s] someone to do what I ask, uh, you know, what
I want done. Please try to find someone, get back with me, to talk with you later.” The
State also introduced a tape-recording of an October 24 telephone call to Hernandez,
initiated by Hase. In the call, Hase makes a reference to the “hit,” and tells Hernandez
that he “want[s] it.” After Hernandez tells Hase he has located someone, and that a map
is needed, Hase replies, “[y]ou know where the bitch lives.” Later in the conversation,
Hase says, “[w]hat would be wonderful is if the fucking shit beat out of her— . . . or bones
broken or something. I mean, something and just smash her God damn ugly face.” 
          The State also presented testimony by Tomasa Lugo, Hernandez’s cousin. Lugo
testified that she had listened in on a telephone conversation between Hernandez and
Hase, in which Hase told Hernandez “that he wanted to hire somebody to kill an old lady”
and that he “wanted to pour acid on her face and beat her up.” Lugo also testified that
Hase said “he would pay a person that he hired the amount— whatever amount of money
that he— we would want.” 
          The intended victim, Ordner, testified that Hase had previously “tried to kill [her],” 
had physically attacked her, and had threatened to kill her. Although evidence of motive
is insufficient in itself to corroborate an accomplice, it may be considered with other
evidence to connect the accused with the crime. See Ganesan, 45 S.W.3d at 202. 
          Viewing the corroborating evidence in the light most favorable to the verdict, as we
must, see id. at 201, we hold that even if we eliminate Hernandez’s testimony from
consideration, sufficient incriminating evidence remains, which tends to connect Hase with
the offense and strongly corroborates the seriousness of his intent. The taped voicemail
message and October 24 conversation sufficiently corroborate Hase’s intent. See
Ivataury v. State, 792 S.W.2d 845, 850 (Tex. App.–Dallas 1990, pet. ref’d). Accordingly,
we overrule Hase’s first three issues. 
          In his fourth issue, Hase contends the trial court erred in admitting videotapes of
Hernandez’s Caller ID box on grounds that the videotapes were inadmissible hearsay. 
The State contends Hase waived any complaint that the videotapes of the Caller ID box
were hearsay. We agree.
          At trial, Hase’s counsel objected to admission of the videotapes on grounds that
the State had failed to connect the telephone number shown on the videotape to Hase. 
The trial court overruled the objection, subject to the connection being proven by the
State. Thereafter, over appellant’s hearsay objections, the State presented testimony by
the investigating police officer connecting Hase to the phone number identified on the
videotape. After the State re-offered the videotapes, Hase’s counsel objected, “Judge,
it’s all based on hearsay information. I want to stand by my objection.” The trial court
again overruled the objection. 
          We review the trial court’s determination of the admissibility of evidence under an
abuse of discretion standard. Morris v. State, 89 S.W.3d 146, 151 (Tex. App.–Corpus
Christi 2002, no pet.) (citing Alvarado v. State, 912 S.W.2d 199, 215 (Tex. Crim. App.
1995)). To preserve error, a request, objection, or motion must state the grounds of the
complaint with sufficient specificity to make the trial court aware of the complaint. Tex. R.
App. P. 33.1(a). If the objection made in the trial court differs from the complaint made
on appeal, a defendant has not preserved any error for review. Morris, 89 S.W.3d at 150.
          Here, Hase’s first objection at trial was not on hearsay grounds. His second
objection at trial, that the testimony connecting Hase to the phone number was “all based
on hearsay information,” differs from his present objection that the videotapes are
inadmissible hearsay. We hold appellant has waived any objection that the videotapes
are inadmissible hearsay. See id. We overrule appellant’s fourth issue.
          In his fifth issue, appellant contends the evidence is factually insufficient to support
the jury’s rejection of his affirmative defense of renunciation. Specifically, appellant
contends that his failure to provide Hernandez with crucial information— such as the
intended victim’s name, address, and a map of where she lived— shows that he “withdrew”
from any conspiracy before the commission of the offense.
          Section 15.04 of the penal code sets forth the affirmative defense of renunciation:
(b) It is an affirmative defense to prosecution under Section 15.02 or 15.03
that under circumstances manifesting a voluntary and complete renunciation
of his criminal objective the actor countermanded his solicitation or withdrew
from the conspiracy before commission of the object offense and took further
affirmative action that prevented the commission of the object offense. 
 
(c) Renunciation is not voluntary if it is motivated in whole or in part:
 
(1) by circumstances not present or apparent at the inception of the actor’s
course of conduct that increase the probability of detection or apprehension
or that make more difficult the accomplishment of the objective; or
 
(2) by a decision to postpone the criminal conduct until another time or to
transfer the criminal act to another but similar objective or victim. 
 Tex. Pen. Code Ann. § 15.04 (Vernon 2003). 
          Thus, the defense of renunciation requires an affirmative showing of voluntary
repentance or change of heart. Thomas v. State, 708 S.W.2d 861, 864 (Tex. Crim. App.
1986). A renunciation is not “voluntary” if it results from the influence of other factors. 
Chennault v. State, 667 S.W.2d 299, 304 (Tex. App.–Dallas 1984, pet. ref’d).
          Here, appellant argues that his failure to meet with the “hit man,” as discussed with
Hernandez, establishes his defense of renunciation. We disagree. The police officer
testified that following the conversation between Hase and Hernandez on October 24,
Hernandez said he spoke to Hase on October 27 and again on October 28 about arranging
a meeting. Hernandez testified Hase did not call because he was sick. The meeting did
not occur and Hase was arrested on November 1. We hold the evidence is insufficient to
establish Hase’s voluntary repentance or change of heart. Accordingly, we overrule
appellant’s fifth issue.
          In his sixth issue, appellant contends the evidence is legally and factually insufficient
to support the jury’s rejection of his affirmative defense of entrapment. We disagree.
          Entrapment is a defense to prosecution when the actor engaged in the conduct
charged because he was induced to do so by a law enforcement agent using persuasion
or other means likely to cause persons to commit the offense. Tex. Pen. Code Ann. §
8.06(a) (Vernon 2003). Conduct merely affording a person an opportunity to commit an
offense does not constitute entrapment. Id. The entrapment defense is available when
the criminal design originates in the mind of government officials or their agents, and they
induce a defendant to commit a crime that the defendant would not otherwise commit. 
Sebesta v. State, 783 S.W.2d 811, 814 (Tex. App.–Houston [1st Dist.] 1990, pet. ref'd)
(citing Richardson v. State, 622 S.W.2d 852, 854 (Tex. Crim. App 1981)). The issue is
whether appellant was induced to engage in the alleged penal conduct through persuasion
or other means likely to cause persons to commit the offenses, or merely was afforded an
opportunity to commit them. Rodriguez v. State, 662 S.W.2d 352, 355 (Tex. Crim. App.
1984). The test for entrapment under section 8.06 is a two-prong test, involving subjective
and objective elements. See England v. State, 887 S.W.2d 902, 913 (Tex. Crim. App.
1994). The first prong is a subjective test in which the accused must show that he was in
fact induced by law enforcement to engage in the illegal conduct. See id. This subjective
prong requires the accused to show that he was induced to act because of police
persuasion. See id. The second prong is an objective test in which the accused must
show that the conduct that induced him to act would have induced an ordinary person. 
See id.; see also Hernandez v. State, 938 S.W.2d 503, 510 (Tex. App.–Waco 1997, pet.
ref’d) (evidence reviewed to determine if it proves beyond reasonable doubt that the
actions of law enforcement agents would not have caused a reasonable person to commit
the offense). The issue of entrapment is not raised where the facts indicate that the
criminal design originated only in the mind of the accused and law enforcement merely
furnished the opportunity or aided the accused in the commission of the crime. Lopez v.
State, 574 S.W.2d 563, 565 (Tex. Crim. App. 1978). Rather, inducement implies that the
law enforcement agent manipulated the defendant and overcame his resistance. See
United States v. Groessel, 440 F.2d 602, 606 (5th Cir. 1971).
          When conflicting evidence exists on the issue of entrapment, the trier of fact must
weigh the evidence and determine whether the defendant was entrapped as a matter of
law. Soto v. State, 681 S.W.2d 602, 604 (Tex. Crim. App. 1984); Bush v. State, 611
S.W.2d 428, 430-31 (Tex. Crim. App. 1980). On review, the issue of entrapment centers
on the legal sufficiency of the evidence. See Torres v. State, 980 S.W.2d 873, 875 (Tex.
App.–San Antonio 1998, no pet.). In determining whether evidence is legally sufficient, we
must view the evidence in the light most favorable to the judgment and determine whether
any rational trier of fact could have found against the appellant on the issue of the defense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v.
State, 23 S.W.3d 1, 15 (Tex. Crim. App. 2000). In reviewing the factual sufficiency of
evidence to prove an entrapment defense, an appellate court applies the standard of
review in Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996). Hernandez, 938
S.W.2d at 509 (reviewing court reviews evidence, presented by both the State and the
defense, to determine if jury’s verdict was proper). 
          Here, the police officer testified that on October 24, 2001, Hernandez provided a
detailed statement regarding various prior conversations with Hase, in which Hase had
expressed his desire to hurt or kill Ordner. The officer testified that with permission, he
installed recording equipment on Hernandez’s telephone to facilitate the recording of
telephone conversations. Hase called later that evening and the conversation was
recorded. The officer testified he did not in any way cause Hase to call Hernandez and did
not cause him to say the things he said.
          On cross-examination, the officer testified that after recording the conversation on
October 24, he did not leave the recording equipment on Hernandez’s telephone. On
October 25, the officer returned with the recording equipment, and Hernandez made four
calls to Hase, but there was no answer. Hase called Hernandez on October 26, but the
officer directed Hernandez not to answer because the recording equipment was not in
place. On October 27, Hernandez returned a call from Hase and arranged a meeting for
the next day. On October 28, Hase and Hernandez spoke again by telephone, and
according to Hernandez, Hase said he was still interested in meeting the “hit man.” A
meeting was arranged for the next day, October 29. When Hernandez called Hase on
October 29, there was no answer, and the meeting did not occur. 
          The State argues there was insufficient evidence adduced at trial to support Hase’s
defense of entrapment. We agree. We hold that Hase failed to present sufficient 
evidence showing that he was in fact induced by law enforcement to engage in the illegal
conduct. See Tex. Pen. Code Ann. § 8.06 (a) (Vernon 2003). We overrule Hase’s sixth
issue. 
          We have overruled all Hase’s issues in cause number 13-02-357-CR. Accordingly,
the trial court’s judgment is AFFIRMED.
II. 13-02-307-CR
          In cause number 13-02-307-CR, by five issues, Hase challenges the sufficiency of
the evidence supporting the trial court’s finding that he violated the terms of his deferred-adjudication community supervision by committing the offense of solicitation.



          Hase pled guilty to the charge of injury to an elderly individual, a third-degree felony,
on May 21, 2001. Pursuant to a plea-bargain agreement, he was placed on deferred-adjudication community supervision for six years. On November 21, 2001, the State filed
a motion to revoke his deferred-adjudication community supervision, alleging he had
violated a condition of his community supervision by committing the offense of solicitation.


 
             After hearing the evidence, the trial court found the first allegation in the State’s
motion to revoke (solicitation of capital murder) “true.”



          Article 42.12 , section 5(b) of the code of criminal procedure provides that no appeal
may be taken from a trial court’s determination to proceed with adjudication of guilt. Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); see also Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992). We have no power to review any challenge to the sufficiency of
the notice contained in the terms and conditions of the community supervision imposed by
the trial court, adequacy of the State's motion to revoke, or sufficiency of the evidence to
support the trial court's adjudication decision. See Connolly, 983 S.W.2d at 741. 
Accordingly, Hase is statutorily barred from challenging the trial court’s determination to
proceed with adjudication of his guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2004). 
          Because no appeal may be taken from the trial court’s determination to proceed with
guilt, see id., we DISMISS Hase’s appeal in cause number 13-02-307-CR for want of
jurisdiction. 
________________________
                                                                           LINDA R. YAÑEZ,
                                                                           Justice 


Do not publish.
Tex.R.App.P. 47.2(b)

Memorandum opinion delivered and filed this
the 29th day of July, 2004.