In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00150-CR


______________________________




JASON MILLER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


 Gregg County, Texas


Trial Court No. 34421-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Jason Miller has appealed from his conviction on his open plea of guilty to the third-degree
felony offense of driving while intoxicated. See Tex. Penal Code Ann. § 49.04 (Vernon 2003),
§ 49.09(b)(2) (Vernon Supp. 2007). The trial court sentenced Miller to five years' imprisonment. 
See Tex. Penal Code Ann. § 12.34 (Vernon 2003). 

 On appeal to this Court, Miller contends, in a single point of error, that the punishment
assessed is disproportionate to his crime. Miller's motion for new trial contains a contention that the
sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. (1) See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Miller's
sentence falls within the applicable range of two to ten years and a fine of up to $10,000.00. See
Tex. Penal Code Ann. § 12.34.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 Assuming, without deciding, that Miller's sentence is grossly disproportionate to the crime
he committed, there is no evidence in the record from which we could compare his sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Miller's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 31, 2008

Date Decided: April 11, 2008


Do Not Publish




1. The trial court did not conduct a hearing on Miller's motion for new trial, which was
overruled by operation of law.


mental or physical faculties." Olson argues that the definition in those cases is
confusing, based on the reasoning set out in Murphy v. State, 44 S.W.3d 656 (Tex.
App.—Austin 2001, no pet.). However, in Murphy, a much more lengthy instruction was
given that the court found to be confusing, misleading, and also a misstatement of the law. 
Id. at 664. 
          Even in Davy, the Dallas court recognized that the short definition did not take the
defendant's evidence (of problems that might impact his ability to use his "mental or
physical faculties" as well as the "average non-intoxicated person") into account and did
not rest its eventual affirmance on the propriety of the definition, but instead on its review
of the charge as a whole, concluding that the later instruction on intoxication only allowed
the jury to convict if it found he did not have the normal use of his mental or physical
faculties by reason of the introduction of the intoxicating agent. 
          We find this reasoning persuasive. We will not carte blanche approve the use of
this definition, but in this case, there is no indication of any other reason for Olson's poor
performance, and the definition is therefore not misleading. Further, as in Davy, the
application paragraph allows the jury to convict (in this context) only if the jury found Olson
did not have the normal use of his faculties by reason of the introduction of alcohol (as
opposed to some other reason). Accordingly, in this instance, we find no error, and even
if the definition were error, in light of the charge as a whole, any error was harmless.
          Olson next contends the trial court erred by failing to require the State to elect which
act on which it was relying for its prosecution. The indictment alleged both definitions of
proving intoxication—lack of normal use of faculties and alcoholic concentration of .08 or
more. Olson filed a motion to quash in which he also asked the court to require the State
to elect which manner and means of committing the offense on which it was relying. Olson
then reiterated his request at the close of testimony. 
          If a statute provides more than one way for a defendant to commit the act or
omission, then on timely request the State must allege the manner and means it seeks to
establish, either separately or in some disjunctive combination. Garcia v. State, 747
S.W.2d 379, 380–81 (Tex. Crim. App. 1988). In Solis v. State, 787 S.W.2d 388, 391 (Tex.
Crim. App. 1990), the court held:
Because the methods of proving intoxication by alcohol are set out statutorily
and do not depend on any conduct committed by a defendant, other than
introduction of alcohol into the body--which was already alleged, the State
need not specify in the charging instrument whether it will use loss of
faculties or alcohol content to prove the offense.
Thus, the definition of intoxication need not be further alleged in the charging instrument.
In this case, the State alleged both definitions of intoxication in the disjunctive. Since the
State is not required to specify which definition it intends to prove, alleging both possible
ways to prove intoxication was proper. State v. Winskey, 790 S.W.2d 641, 642 (Tex. Crim.
App. 1990); Morris v. State, 89 S.W.3d 146, 150 (Tex. App.—Corpus Christi 2002, no pet.). 
          When a statute sets out more than one way that an offense can be committed, each
of which is based on the same definition, is punishable in the same manner, and is not
repugnant to each other, the various methods of commission are not distinct offenses, may
be charged in the same indictment, and thus the State need not elect between the various
theories alleged, the jury may consider all theories and return a general verdict of guilty.
See Jurek v. State, 522 S.W.2d 934, 941 (Tex. Crim. App. 1975); Fitts v. State, 982
S.W.2d 175, 179 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). The contention of error
is overruled.
          We affirm the judgment of the trial court.
 
                                                                           Jack Carter
                                                                           Justice

Date Submitted:      April 27, 2004
Date Decided:         April 28, 2004

Do Not Publish