The STATE of Texas,

v.

Ellen CORDELL, Appellee.

No. 2–00–180–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 21, 2000.

Tim Curry, Dist. Atty., Charles M. Mallin, Chief Asst. Crim. Dist. Atty. for Appellate Section, Edward L. Wilkinson, Neely Bridge, Valerie Baston, Asst. Dist. Attys., Fort Worth, for Appellant.

Vince Cruz, Jr., Stephanie K. Patton, Fort Worth, for Appellee.

Before CAYCE, C.J.; RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

### Introduction

Appellee Ellen Cordell was charged by misdemeanor information with the offense of driving while intoxicated. This appeal by the State followed the trial court's decision granting Cordell's motion to quash paragraph two of the information. One point is presented. We will reverse and remand.

### Procedural Background

The information in question contained two paragraphs. Paragraph one alleged that appellee was intoxicated by reason of alcohol consumption. Paragraph two alleged she was intoxicated by reason of ingestion of "alcohol, a controlled substance, a drug, a dangerous drug, or combination of two or more of these substances." In her motion to quash, appellee argued paragraph two failed to provide her adequate notice of what specific drug or combination of drugs the State alleged she ingested. The trial court agreed and quashed paragraph two.

### Jurisdiction

Cordell asserts in one cross-point that we do not have jurisdiction over the State's appeal because the order quashing paragraph two of the information did not effectively terminate the prosecution.

■ Under article 44.01(a)(1), the State can appeal an order of the trial court that dismisses an information or any portion of an information. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.2001). The court of criminal appeals has stated that "the State has the power to appeal from any trial court order concerning an indictment or information whenever the order effectively terminates the prosecution in favor of the defendant." *State v. Moreno*, 807 S.W.2d 327, 332 (Tex.Crim.App.1991); *see also State v. Garrett*, 824 S.W.2d 181, 183 (Tex.Crim.App.1992).[1] The trial court "effectively terminates" the prosecution when the effect of the order forces any alteration of the information before the trial on the merits and the State is not willing to comply with that order. *Moreno*, 807 S.W.2d at 334. The State's appeal of the trial court's ruling is an adequate indication that the State is unwilling to amend the information. *Id.* Therefore, the prosecution is terminated for all practical purposes. *Id.*

■ In this case, the State alleged two alternative means of intoxication. After

---

1. In light of the court of criminal appeals' decision in *Moreno*, we will not follow our previous decision in *State v. Hancox*, 762 S.W.2d 312 (Tex.App.—Fort Worth 1988, pet. ref'd) (holding that order quashing information was not appealable order dismissing information absent showing State was denied opportunity to amend or refuse to do so).

the trial court dismissed paragraph two of the information, the prosecutor indicated that the State would not proceed on paragraph one, but would appeal the ruling. Because the State appealed instead of proceeding to trial on paragraph one, the trial court's decision to dismiss paragraph two effectively terminated the prosecution against appellee. Consequently, the State is entitled to appeal that order, and this court has jurisdiction to hear the appeal.

### Lack of Specificity

The State complains that the trial court abused its discretion in sustaining appellee's motion to quash on the grounds that it did not allege with particularity the type of controlled substance, drug, or dangerous drug the appellee ingested. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim.App. [Panel Op.] 1980) (op. on reh'g); *State v. Colson*, 912 S.W.2d 865, 868 (Tex. App.—Beaumont 1995, no pet.).

■■■ An accused has a constitutional right to be informed of the nature of the charges against him. *Curry v. State*, 30 S.W.3d 394, 398 (Tex.Crim.App.2000). An indictment or information normally provides sufficient notice if it tracks the language of the statute. *Id.* However, if a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses. *Id.; Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g). The State, however, is not required to plead evidentiary facts. *Curry*, 30 S.W.3d at 398; *see also Bollman v. State*, 629 S.W.2d 54, 55 (Tex.Crim.App. [Panel Op.] 1982).

■■ Appellee presents a thoughtful argument in which she maintains the State should have specified, in connection with paragraph two of the information, the particular type of drug or controlled substance it would attempt to prove she ingested. After careful consideration of her argument, we conclude otherwise. Adoption of her argument would place an im-

proper burden on the prosecution by forcing the State to plead purely evidentiary facts. *See State v. Edmond*, 933 S.W.2d 120, 130 (Tex.Crim.App.1996). Moreover, the very nature of criminal prosecutions for the offense of driving while intoxicated demands the result we reach today. To require the State to anticipate a defendant's claim at trial that a drug, not merely alcohol, caused her intoxication, would necessarily force the State to take blood tests following every arrest, because specific drugs within a defendant's system are not revealed in the intoxilyzer machine.

■■ An indictment or information charging a person with driving while intoxicated must allege which definition of "intoxicated" the State will attempt to prove at trial and which type of intoxicant the defendant is accused of taking. *State v. Carter*, 810 S.W.2d 197, 200 (Tex.Crim. App.1991). "Type of intoxicant" refers to those substances listed in section 49.01(2)(A) of the penal code, which are alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of these substances. TEX.PENAL CODE ANN. § 49.01(2)(A) (Vernon Supp. 2001). No more specificity than this is demanded of the State.

Cordell complains that the State is unfairly shifting the burden to the defendant by not alleging the specific drug or controlled substance. We respectfully disagree. The statute specifically ties the intoxication standard under section 49.01(2)(A) to listed individual substances or the synergistic effect caused by the combination of two or more of those substances; fatigue or any other purely natural deterioration of the body is not listed. *Atkins v. State*, 990 S.W.2d 763, 767 (Tex. App.—Austin 1999, pet. ref'd). The State must still prove beyond a reasonable doubt that the defendant lost the normal use of her mental or physical faculties because of the ingestion of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of these.

Cordell also argues that the name of the specific drug or controlled substance that

the State is relying on was necessary to prepare her defense. While a defendant may be deprived of a particular theory of defense, e.g., "I ingested alcohol and heroin, not alcohol and amphetamine, as alleged in the information," a defendant is not precluded from asserting *any* defense. We agree with the State's argument that appellant may assert other legitimate defense theories such as: (1) she did not take a drug; (2) she did not lose normal use of her mental or physical faculties; or (3) although she took a drug, it could not produce the symptoms asserted by the State.

We hold that an indictment or information charging a person with driving while intoxicated need not specify which specific drug or controlled substance caused the intoxication, as long as the type of intoxicant listed in section 49.01(2)(A) is alleged. Thus, the trial court abused its discretion in quashing paragraph two of the information. The State's point is sustained.

### Conclusion

Having sustained the State's point, we reverse and remand this case to the trial court for proceedings consistent with this opinion.