The STATE of Texas, Appellant,

v.

Johnie Dale McGUFFEY, Appellee.

No. 12–01–00136–CR.

Court of Appeals of Texas,
Tyler.

Jan. 16, 2002.

Barry L. Spencer, Jr., Springtown, for appellant.

Don G. Smith, Dallas, for appellee.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

Appellee Johnie Dale McGuffey ("McGuffey") was indicted for the offense of driving while intoxicated ("DWI") pursuant to section 49.09(b) of the Texas Penal Code. At his trial, the State of Texas ("the State") was not allowed to introduce evidence of McGuffey's two previous DWI convictions to the jury. Following a mistrial granted on McGuffey's motion, the State appealed. In three issues, the State contends that the trial court erred in not allowing it to discuss McGuffey's two previous DWI convictions during voir dire, in not allowing the introduction into evidence of McGuffey's two previous DWI convictions, and in ruling that the prejudicial effect of the two previous DWI convictions outweighed their probative value. We remand for further proceedings consistent with this opinion.

## BACKGROUND

The Texas Penal Code provides that a DWI offense is a third-degree felony if the person has two prior DWI convictions. TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.2002). The indictment in the instant case alleged that McGuffey had been convicted of DWI in 1992 in Williamson County and in 1997 in Henderson County.

Before the trial began, McGuffey filed a written stipulation of evidence attesting his two prior DWI convictions. McGuffey asked the trial court to admonish the State to refrain from presenting evidence, including the stipulation itself, of the two prior DWI convictions during its case-in-chief.

Before voir dire, the State asked the trial judge to allow it to voir dire the jury panel on McGuffey's two prior DWI convictions. The trial court instructed the State not to mention the prior convictions during voir dire without first approaching the bench.

After the jury was empaneled, the trial court denied the State's motion to read the entire indictment, including the paragraph setting out the 1992 and 1997 DWI convictions, and instructed the State to read only that part of the indictment alleging the primary offense to the jury. The trial court further precluded the State from introducing McGuffey's stipulation of the two previous DWI convictions into evidence during the guilt/innocence phase of the trial.

After the State and McGuffey closed, the State objected to the trial court's failure to include the two previous DWI convictions as elements of the felony DWI offense in its jury charge. After the jury had begun its deliberations, the trial court granted McGuffey's motion for a mistrial. The State then timely filed this appeal in accordance with article 44.01(a)(1) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.2002).

## JURISDICTION

Because there has been no final disposition of this case in the trial court, we first must determine whether we have jurisdiction to consider this appeal. Arti-

cle 44.01(a)(1) of the Texas Code of Criminal Procedure permits the State "to appeal an order of a court in a criminal case if the order dismisses an indictment, information or complaint or any portion of an indictment, information or complaint." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). We have previously determined that when the trial court does not allow the State to read an entire felony DWI indictment to the jury, the trial court has effectively dismissed a portion of the indictment. *See State v. Mewbourn,* 993 S.W.2d 771, 773 (Tex.App.-Tyler 1999, no pet.). In a felony DWI trial, the State should be allowed to read the full indictment to the jury, including the two prior DWI convictions. *See Tamez v. State,* 11 S.W.3d 198, 202 (Tex. Crim.App.2000). Because the trial court ordered the State not to read the two prior DWI convictions during the reading of the indictment to the jury, effectively dismissing that portion of the indictment, the trial court's order became appealable by the State pursuant to article 44.01(a)(1). We hold that we have jurisdiction to consider this appeal.

## VOIR DIRE

In its first issue, the State contends that the trial court erred by refusing to allow the State's attorney to discuss McGuffey's two previous DWI convictions during voir dire. In examining the record before us, we find that the State asked the court to permit it to question the veniremen on McGuffey's two previous DWI convictions. The court responded that the State would not be allowed to mention the two previous DWI convictions during voir dire without first approaching the bench. The record on appeal contains no question or questions which the State proposed to ask the prospective jurors about the two previous convictions.

To preserve error for appellate review, the record must reflect that a complaint was made to the trial court by a timely request or objection which was ruled upon by the judge. TEX.R.APP. P. 33.1(a). When the issue concerns voir dire questions, the trial court must be on notice as to the specific question the party wanted to ask and was precluded from asking. *See Franklin v. State,* 12 S.W.3d 473, 477 (Tex.Crim.App.2000). Without a precluded voir dire question before us, there is nothing for us to review. The State's issue one is overruled.

## EVIDENCE OF PREVIOUS DWI CONVICTIONS

In its second issue, the State contends that the trial court erred in not allowing it to introduce evidence of McGuffey's prior DWI convictions during its case-in-chief, either through testimonial evidence or through McGuffey's stipulation. McGuffey counters that the Texas Court of Criminal Appeals held in *Tamez* that the State may not produce evidence of a felony DWI defendant's prior convictions during its case-in-chief when he has stipulated to two prior DWI convictions. We disagree with McGuffey's characterization of *Tamez.*

In *Tamez,* the indictment alleged that the defendant had six previous DWI convictions. *Id.* at 199. The trial court allowed each of those six convictions to be introduced into evidence during the prosecution's case-in-chief even though the defendant had stipulated to two prior DWI's, establishing that the indicted DWI charge was a felony. *Id.* The Court of Criminal Appeals determined the trial court erred by allowing the State to put on evidence of each of the six previous DWI convictions. *Id.* at 203.

In the instant case, McGuffey signed and entered into the trial court's record a stipulation attesting his two previous DWI convictions. We disagree with

his contention that this stipulation could not be admitted into evidence before the jury as a result of *Tamez.* Rather, we agree with the El Paso Court of Appeals' conclusion that "*Tamez* does not hold that absolutely no mention may be made of the defendant's prior DWI convictions during the State's case-in-chief." *Orona v. State,* 52 S.W.3d 242, 249 (Tex.App.-El Paso 2001, no pet.). *Tamez* only limited the evidence of the prior convictions to the stipulation itself. *Id.* The court of criminal appeals has determined that to sustain a conviction for a felony DWI, the State must offer proof of two previous DWI convictions during the guilt/innocence phase of the trial. *See Gibson v. State,* 995 S.W.2d 693, 696 (Tex.Crim.App.1999). If the evidence is admitted in the form of a stipulation, the stipulation should be published to the jury so it can make its factual finding regarding those allegations after being appropriately instructed by the trial court in the charge.[1] *See Orona,* 52 S.W.3d at 249.

■ The issue of what can be admitted into evidence in a felony DWI trial in Texas arose out of the United States Supreme Court's opinion in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In *Old Chief,* the defendant, charged with felon in possession of a firearm, offered to stipulate that he had been previously convicted of a felony (assault causing serious bodily injury), so that the jury need only consider whether he possessed a firearm and not know the nature of the felony conviction. *Id.* at 175, 117 S.Ct. at 648. The Supreme Court held that because the defendant was willing to stipulate to the felony conviction, the probative value of any *extrinsic* evidence of the conviction was substantially outweighed by the danger of unfair prejudice. *Id.* at 191, 117 S.Ct. at 655. It is important to note that the United States Supreme Court allowed evidence of the prior felony to be submitted to the jury in the form of a stipulation. *Mewbourn,* 993 S.W.2d at 773. Therefore, we hold the stipulation signed by McGuffey should have been introduced into evidence and published to the jury. No evidence of the two previous DWI convictions outside of the stipulation would be admissible in the instant case. The State's issue two is sustained.

### CONCLUSION

Because we have sustained the State's second issue, we need not address its third issue as to the probative value of the two previous DWI convictions. We *remand* this matter to the trial court for further proceedings consistent with this opinion.

---

1. For further discussion of the jury charge in a felony DWI case where the defendant has stipulated to two previous DWI convictions, *see Vanderhorst v. State,* 52 S.W.3d 237(Tex.App.-Eastland 2001, no pet.).