## The STATE of Texas

v.

## Mark Hamilton MORGAN, Appellee.

### No. 1083–03.

Court of Criminal Appeals of Texas.

May 5, 2004.

Rehearing Denied July 28, 2004.

D. Craig Hughes, Houston, for Appellant.

Gail Kikawa McConnell, Assistant District Attorney, Conroe, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court joined by MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ.

The State charged Mark Hamilton Morgan with DWI and alleged a prior DWI conviction. Before trial, the State requested the judge to treat the information as alleging a Class A misdemeanor under Penal Code § 49.09. The judge instead ruled that he would treat it as charging a Class B misdemeanor with an enhancement allegation pursuant to Penal Code § 12.43. The State appealed this pretrial ruling.

We find no jurisdiction for the State's appeal.

### Facts and Procedural History

The State's information charged Morgan with driving while intoxicated on September 5, 2002. In a separate paragraph, the information alleged that Morgan had previously been convicted of driving while intoxicated in 1993. Because the judge had ruled in other cases that this type of information alleged a Class B offense, the State filed a motion for "a pre-trial determination of whether, if the defendant is found guilty, the jury will be instructed to consider a Class A range of punishment if the prior conviction is found true." The State explained that it was seeking a pretrial ruling rather than disrupt the proceedings with an appeal after a finding of guilt.

At the hearing, defense counsel argued that the State's request was premature because the State was seeking "a determination on a punishment issue" and that "any such determination should be made at the time of the punishment phase of the trial should that become necessary." The judge acknowledged that the defense "could be right," but nevertheless ruled. The judge said his opinion was that "it's impossible for the Court to instruct on a Class A range because same has not been pled because I feel like it has to be an element of the offense to come under 49.09 Class A offense. The separate paragraph is pleading for enhanced B under 12.43 of enhancement for punishment, and that's not what the State wants."

In a written order, the judge granted the State's motion in that he agreed to provide a pretrial ruling. He ruled that he would not instruct the jury on the Class A range of punishment if the defendant were found guilty and the enhancement paragraph were found true.

The State appealed this ruling. In its notice of appeal, it contended that it had

the right to appeal pursuant to Art. 44.01(a)(1),[1] which grants the State the right to appeal "an order of a court in a criminal case if the order dismisses ... any portion of an ... information."

The Court of Appeals, relying on *State v. Moreno*,[2] concluded that it had jurisdiction over the appeal because "the trial court's ruling effectively terminated the prosecution for an 'enhanced' offense."[3] Reaching the merits of the appeal, the appellate court found no error in the trial court's ruling and remanded the case for further proceedings.[4] Justice Burgess dissented on this point but did not dispute the court's jurisdiction over the appeal.[5]

We granted the State's petition for discretionary review, which asks whether the prior conviction of a DWI offense punishable as a Class A misdemeanor is an element of the offense that should be read and proved by the State at guilt-innocence. We also granted review, on our motion, of an additional ground: whether Art. 44.01, or any other law, authorizes the State's appeal in this case.[6] Because of our resolution of this latter ground, we do not reach the State's ground for review.

## Analysis

■ The State is entitled to appeal an order that "dismisses an indictment, infor-

mation, or complaint or any portion of an indictment, information, or complaint."[7] In *Moreno*, we examined this language in depth. There, the defendant filed a motion to quash the information. The trial judge granted the motion but crossed out language in the defendant's order that said "and this cause is dismissed." The State appealed the order granting the motion to quash. The Court of Appeals concluded that it did not have jurisdiction over the State's appeal because the trial court's order had not dismissed the information.[8] Instead, the court of appeals said, the State had the ability to cure the defect by amending the information.

We reversed.[9] We indicated that the word "dismisses" in Art. 44.01 is ambiguous because the Legislature did not use terminology from the Code of Criminal Procedure.[10] We looked to extra-textual factors, including the bill analysis and federal caselaw, to ascertain the meaning of "dismisses." We recognized that the intent of the statute was to afford the State the same right to appeal as that granted the federal government in 18 U.S.C. § 3731.[11] We concluded that "[t]he mere label attached either to the defendant's motion or to the trial court's order ruling on same cannot determine its appealabili-

1. Tex.Code Crim. Proc. Art. 44.01. Unless otherwise indicated, all references to articles are to the Texas Code of Criminal Procedure.

2. 807 S.W.2d 327, 334 (Tex.Crim.App.1991).

3. *State v. Morgan*, 110 S.W.3d 512, 513 (Tex. App.-Beaumont 2003).

4. *Id.* at 513–15.

5. *Id.* at 515–16 (Burgess, J., dissenting).

6. *State v. Morgan*, 160 S.W.3d 1, No. 1083–03, 2003 WL 22107912, at * 1 (Tex.Crim.App. Sept.10, 2003).

7. Art. 44.01(a)(1).

8. *State v. Moreno*, 769 S.W.2d 661 (Tex.App.-Corpus Christi 1989), *rev'd*, 807 S.W.2d at 334.

9. 807 S.W.2d at 334.

10. *Id.* at 329.

11. *Id.* at 329, 332.

ty"[12] and that "the State has the power to appeal from any trial court order concerning an indictment or information … whenever the order effectively terminates the prosecution in favor of the defendant."[13] That happens, we held, "whenever the effect of the [trial court's] order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order."[14]

Relying on this language, the State argues that the trial judge's order in this case "effectively quashed the information and terminated the prosecution of a Class A misdemeanor." The State contends that "[t]he fact that the trial court did not actually or physically quash any part of the State's indictment [sic] is of no moment." Instead, the State argues, the judge's order "required the State to amend the information."

To clarify the issue, it is useful to explain the underlying dispute, even though we do not resolve it today. Driving while intoxicated is a Class B misdemeanor[15] with a maximum term of confinement for 180 days.[16] But under Penal Code § 49.09, it is a Class A misdemeanor, with a minimum term of confinement of 30 days, if it is shown on the trial of the offense that the person has previously been convicted of an intoxication-related offense.[17] In that situation, the maximum confinement is one year.[18] On the other hand, Penal Code § 12.43(b) provides that if a defendant convicted of a Class B misdemeanor has previously been convicted of a Class A or Class B misdemeanor or any

felony, he is to be punished by confinement in jail for not more than 180 days or less than 30 days.[19] So the Penal Code includes two separate statutes providing for potentially increased punishment in the case of a person's second offense of driving while intoxicated. The trial judge in this case determined that § 12.43(b) controls due to the manner in which the State crafted its information, and the State objects.

Although we do not resolve the underlying substantive issue, this canvass illustrates the answer to our jurisdictional question. Regardless of how the trial court were to rule on the State's pretrial motion, this DWI prosecution would proceed. It may not proceed in the manner in which the State or Morgan desired. It may proceed with the evidence of the prior DWI conviction being admitted at guilt-innocence. It may proceed with Morgan being subjected to a punishment range that one party opposes. But the prosecution will proceed. Nothing in the trial court's order purports to prevent the prosecution from moving forward on this information. The order does not force an alteration of the information before trial can proceed. Instead, it forces the State to alter the information before trial can proceed in the manner in which the State chooses.

Since the prosecution would proceed regardless of the trial court's ruling, this is an interlocutory appeal. As a general rule, interlocutory appeals are not

12. *Id.* at 332.

13. *Id.*

14. *Id.* at 334.

15. Tex. Penal Code § 49.04(b).

16. *Id.* at § 12.22.

17. *Id.* at § 49.09(a).

18. *Id.* at § 12.21.

19. *Id.* at § 12.43(b).

permitted.[20] Art. 44.01 provides several instances in which the State can appeal, but only one of those involves an interlocutory appeal. Subsection (a)(5) allows the State to file an interlocutory appeal from a trial court's order granting a motion to suppress evidence. But the statute specifies conditions to such an appeal. The prosecutor must include a certification that the appeal is not taken for purposes of delay.[21] There is no certification requirement under any of the other subsections, including subsection (a)(1). So an appeal under subsection (a)(1) is not to be utilized as an interlocutory appeal. It is supposed to be used only if the prosecution is terminated.

Additionally, we have recognized the need for speed with interlocutory appeals.[22] The State seeks such speed in this case. It filed a motion to expedite this appeal on July 1, 2003, which we denied. The State's recognition that speed is desirable is further evidence that this is an interlocutory appeal. And in the motion, the State concedes that "[i]f the court of appeals is correct, the State will happily read and prove the prior conviction at guilt-innocence." The State acknowledges that this case will proceed, one way or another, after the trial court's order. So the trial court's order did not terminate the prosecution, and no jurisdiction exists for this appeal.

### Conclusion

We disagree with the State that the trial judge's order "effectively terminated the prosecution." The order in this case affected only Morgan's possible punishment range. As a result, this is an interlocutory appeal for which appellate courts have no jurisdiction.

We reverse the judgment of the Court of Appeals and remand this case to the trial court for proceedings consistent with this opinion. We dismiss the State's ground for review as moot.

KELLER, P.J., concurred in the result.

20. *Ex parte Rathmell*, 717 S.W.2d 33, 48 (Tex. Crim.App.1986).

21. Art. 44.01(c)(5); *State v. Muller*, 829 S.W.2d 805, 809 n. 5 (Tex.Crim.App.1992).

22. *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex.Crim.App.1991).