MEMORANDUM OPINION

No. 04-06-00310-CR


The STATE of Texas,

Appellant
v.
Michael JOHN,

Appellee
From the County Court at Law No. 3, Bexar County, Texas

Trial Court No. 114101

Honorable David J. Rodriguez , Judge Presiding





PER CURIAM

 

Sitting: Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice

 Rebecca Simmons, Justice



Delivered and Filed: August 16, 2006 



DISMISSED FOR LACK OF JURISDICTION



 In the underlying criminal prosecution, defendant, Michael John, was found guilty and sentenced in San Antonio Municipal
Court No. 8 for violating a city code. Punishment was assessed at a fine in the amount of $500, plus costs in the amount of
$50. Defendant timely filed his notice of appeal to county court. Defendant also filed a surety bond in the amount of
$1,052.00. The State filed a motion to dismiss the appeal in county court on the grounds that defendant failed to perfect his
appeal because his appeal bond was not in the correct amount. The State alleged the amount should be $1,104.00. 
Defendant responded and moved to amend his bond. The court allowed defendant to amend the bond and denied the State's
motion to dismiss. The State filed a notice of appeal with this court.

 This court issued a show cause order stating that it appeared we may not have jurisdiction over this appeal for two reasons:
1) because neither the May 11, 2006 Order on Appellant's Motion to Amend Bond, nor the May 12, 2006 Order on
Appellee's Motion to Dismiss and Appellant's Motion to Amend Bond signed by the trial court satisfy the circumstances
listed in Texas Code of Criminal Procedure article 44.01; and 2) because the notice of appeal is signed by a deputy city
attorney and not a "prosecuting attorney." 

 On July 10, 2006, the State filed its response. In its response, the State asserts it is "not appealing the trial court's decision
under Tex. Code Crim. P. art. 44.01. The Defendant below ... was found guilty and he appealed that sentence under Tex.
Code Crim. P. art. 44.02. The State seeks to appeal the Order of the intermediate appeals court." We construe the State's
argument as asserting that because the defendant is appealing his municipal court conviction to the county court, article
44.02 allows the State to appeal the county court's interlocutory order to this court. The State provides no authority for this
argument, and we believe article 44.01, not 44.02, governs the State's right of appeal in this case. 

 The State asserts, in the alternative, that article 44.01(c) allows its appeal because it is appealing "[t]he question of law
specifically addressed by the State ... [which is] the jurisdiction of the County Court to consider the appeal due to the
[defendant's] failure to perfect the appeal under Tex. Code Crim. P. art. 45.026(b)." Article 44.01(c) provides: "The state is
entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment." SeeTex.
Code. Crim. P. Ann. art. 44.01 (Vernon Supp. 2005). The purpose of article 44.01(c) is to allow the State to raise
cross-issues in any appeal brought by a defendant. Here, the State's reliance on article 44.01(c) is misplaced because the
defendant is not appealing to this court any judgment rendered by the county court.

 In fact, no judgment has been rendered by the county court. Instead, the State wishes to appeal an interlocutory order. "As
a general rule, interlocutory appeals are not permitted." State v. Morgan, 160 S.W.3d 1, 4-5 (Tex. Crim. App. 2004). "Art.
44.01 provides several instances in which the State can appeal, but only one of those involves an interlocutory appeal. 
Subsection (a)(5) allows the State to file an interlocutory appeal from a trial court's order granting a motion to suppress
evidence." Id. at 5 (emphasis added). We conclude that nothing in article 44.01 allows for the State's interlocutory appeal
of a county court's order allowing a defendant to amend his appeal bond.

 Even if such an appeal were authorized, article 44.01 requires the "prosecuting attorney" to "make an appeal" within the
fifteen-day window for filing State's appeals. Tex. Code. Crim. P. Ann. art. 44.01(d) (Vernon Supp. 2005). A "prosecuting
attorney" is defined as "the county attorney, district attorney, or criminal district attorney who has the primary responsibility
of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." Tex. Code. Crim.
P. Ann. art. 44.01(i) (Vernon Supp. 2005). The Court of Criminal Appeals has interpreted article 44.01 as requiring the
"prosecuting attorney" to personally authorize specific appeals filed on behalf of the State. State v. Boseman, 830 S.W.2d
588, 591 (Tex. Crim. App. 1992); State v. Muller, 829 S.W.2d 805, 810 (Tex. Crim. App. 1992). "Thus, unless the specific
notice of appeal in question is personally approved by the 'prosecuting attorney' and filed within the fifteen day period, the
appellate court never obtains jurisdiction over the case." Boseman, 830 S.W.2d at 591.

 Here, the notice of appeal is signed by a deputy city attorney. In its response to our show cause order, the State asserts that
the Bexar County District Attorney "has authorized and consented in writing to the City of San Antonio, City Attorney's
Senior Prosecutor to prosecute and conduct appeals from San Antonio Municipal Court to the County Courts of Bexar
County." However, the State points to nothing in the record to support this assertion. 

 The Court of Criminal Appeals has held as follows:

 Whenever a question is legitimately raised concerning the prosecuting attorney's personal authorization of a State's appeal,
the State bears the burden of proving that the appeal in question was personally, expressly and specifically authorized by the
prosecuting attorney. Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the
specific notice of appeal filed in a given case. Without a signature or other written expressed authorization, as reflected in
the appellate record, there would be no guarantee that the only person permitted by statute to make an appeal on behalf of
the State actually participated in the process. Evidence of a general delegation of authority to an assistant does not qualify
under the statute.



Muller, 829 S.W.2d at 810 n.6.

 Nothing in this appellate record clearly reflects the Bexar County District Attorney's personal authorization of the specific
notice of appeal filed in this appeal. Also, the State's general contention of authorization and consent appears to be only a
"general delegation of authority" and not "authorization of the specific notice of appeal filed in ... [this] case."

 For these reasons, we dismiss the State's appeal for lack of jurisdiction.



 PER CURIAM

DO NOT PUBLISH